In the Supreme Court of Georgia

Decided: October 5, 2015

S15A1211. MOORE v. THE STATE.

MELTON, Justice.

Following a jury trial, Alfonso Moore was found guilty of felony murder, aggravated assault, armed robbery, and various other offenses in connection with the shooting death of Dominga Trejo and the theft of her truck.[1] On appeal Moore contends that the trial court erred by allowing a State's witness to sit at the prosecution table during the trial, and that the trial court erred by allowing the State to make improper comments during its closing argument. We affirm.

[1] On March 19, 2013, Moore was indicted for malice murder, felony murder (predicated on armed robbery), armed robbery, aggravated assault, and four counts of possession of a firearm during the commission of a felony. Following a June 3-7, 2013 jury trial, Moore was acquitted of malice murder and one count of possession of a firearm during the commission of a felony, but was found guilty on all of the remaining counts. On June 21, 2013, the trial court sentenced Moore to life imprisonment for felony murder and five consecutive years for one of the firearm possession counts. The remaining counts were merged for sentencing purposes. Moore filed a motion for new trial on July 9, 2013, which he amended on July 10, 2013, and July 18, 2014. The trial court denied the motion on July 24, 2014. Following the payment of costs, Moore's timely appeal was docketed in this Court for the April 2015 Term and submitted for decision on the briefs.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on the evening of November 9, 2012, Trejo drove to a Quick Mart convenience store at the Regency Village trailer park to pick up her husband from work. Moore arrived at the scene riding a bicycle. After Trejo arrived at the convenience store in her Ford truck at around 7:00pm, but before her husband was able to meet her, Trejo was shot by Moore four times. Moore also stole Trejo's truck. Witnesses at the scene heard the gunshots and also saw Moore driving the truck. Trejo died from her gunshot wounds, and her body was found later that same evening lying in the road towards the back of the trailer park. Moore admitted at trial that he was the man on the bicycle at the scene of the crime and that he had stolen the truck, but he also claimed that he never saw Trejo and that he had not shot and killed her.

This evidence was sufficient to enable a rational trier of fact to find Moore guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

1. Moore contends that the trial court erred by allowing the primary investigator in the case, GBI Agent Walsingham, to sit at the prosecution table during the trial in violation of the rule of sequestration. Pursuant to OCGA §

24-6-615:

> Except as otherwise provided in Code Section 24-6-616, at the request of a party the court shall order witnesses excluded so that each witness cannot hear the testimony of other witnesses, and it may make the order on its own motion. This Code section shall not authorize exclusion of: (1) A party who is a natural person; (2) An officer or employee of a party which is not a natural person designated as its representative by its attorney; or (3) *A person whose presence is shown by a party to be essential to the presentation of the party's cause.*

(Emphasis supplied). In this regard, "[i]n the situation in which the State maintains that it needs the presence of the primary investigator for the orderly presentation of the case, excepting the investigator from the rule of sequestration is within the discretion of the trial court." (Citation omitted.) Holloman v. State, 291 Ga. 338, 339-340 (2) (729 SE2d 344) (2012). Here, the prosecutor specifically explained to the trial court that Agent Walsingham was needed to assist in the orderly presentation of this case, which involved over thirty witnesses and a significant amount of paperwork and CDs. We find no abuse of discretion in the trial court's decision to allow Agent Walsingham to sit at the prosecution table here. Id.

3. Moore argues that the trial court erred by allowing the State to comment during its closing argument on a Quick Mart surveillance video that had been

admitted into evidence at trial. However, the record reveals that the State did nothing more than draw reasonable deductions from evidence presented, which is entirely proper during closing arguments. Scott v. State, 290 Ga. 883, 885 (725 SE2d 305) (2012) ("[A] prosecutor is granted wide latitude in the conduct of closing argument, the bounds of which are in the trial court's discretion; within the scope of such latitude is the prosecutor's ability to argue reasonable inferences from the evidence"). Specifically, the prosecutor played portions of the surveillance video from the Quick Mart in order to highlight inconsistencies in Moore's testimony and to point out the sequence of events in the video as they related to the evidence that the State had presented. The State pointed out a man on a bicycle that appeared in the video, and Moore himself had admitted that he was the man on a bike that had been described by two witnesses at the scene. The State also noted a witness turning his head at a time when he had supposedly heard gunshots, which the State argued was consistent with its theory of the case and inconsistent with Moore's theory. Indeed, a review of the record reveals that all of the State's arguments relating to the surveillance video were proper, and that Moore's contentions to the contrary are without merit. Id.

Judgment affirmed. All the Justices concur.